UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CR495 CDP/NCC |
| | ) | |
| NICHOLAS W. DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM, REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Defendant Nicholas W. Davis has moved to dismiss Count Two of the Indictment asserting that the allegation of his possession of marijuana with the intent to distribute violates his equal protection guarantee. (Doc. No. 27). The government has responded to the motion (Doc. No. 31). Defendant has filed a reply to the response (Doc. No. 33). The parties have also filed post-hearing briefs after an evidentiary hearing was held and a transcript of the hearing was prepared. (Doc. Nos. 35, 36 and 38).[1]

**Defendant's Motion To Dismiss Count Two of the Indictment (Doc. No. 27)**

Defendant is charged in Count Two with the knowing and intentional possession of marijuana on or about June 15, 2016 in Jefferson County, Missouri. The marijuana charge concerns a violation of the Controlled Substances Act ("CSA"), 21 U.S.C., Section 841.

---

[1] Additionally, defendant Davis has filed *pro se* several self-styled affidavits of truth and facts. (Doc. Nos. 23, 26, 28, 29, 30).

## I. Standard of Review

In order to withstand a motion to dismiss on the basis of constitutional infirmity, an indictment must "contain[ ] the elements of the offense charged," "fairly inform[ ] a defendant of the charge against which he must defend," and enable[ ] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz–Ponce*, 549 U.S. 102, 108 (2007) (internal quotation omitted).

Similarly, Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." It is sufficient to state an offense by setting forth the words of the statute itself in the indictment. *United States v. Zangger*, 848 F.2d 923, 925 (8th Cir. 1988); *United States v. Graham*, 585 F.Supp.2d 1144, 1147 (D.S.D. 2008).

The reviewing court must determine only whether the indictment is valid on its face. *Costello v. United States*, 350 U.S. 359, 363 (1956). To the extent that the constitutionality of a federal statute is challenged in the motion to dismiss the indictment, federal statutes are presumed constitutional and should only be invalidated upon a plain showing that Congress exceeded its constitutional authority. *See United States v. Morrison*, 529 U.S. 598, 607 (2000).

## II. Equal Protection Challenge

Defendant Davis contends that Count Two should be dismissed and the U.S. Department of Justice (DOJ) should be enjoined from prosecuting him in this jurisdiction because he claims a class of individuals in the states of California and Washington are not prosecuted for similar conduct when they are found to be in compliance with state law. (Doc. No. 27). Defendant relies entirely on a ruling by the Ninth Circuit in *United States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016), for the argument that Count Two violates the implied equal protection guarantee of

the Fifth Amendment due process clause as it is applies to him.  *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954)(holding that the equal protection guarantee found in the Fourteenth Amendment applies to both state and federal governments).  Davis claims that the CSA, when viewed together with recent appropriations legislation, creates an administrative classification that bears no rational relation to a legitimate governmental end.  "[U]nless a classification warrants some form of heightened review because it jeopardizes exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).  The burden is on the person attacking the statute to "negative every conceivable basis which might support it, whether or not the basis has a foundation in the record." *Heller v. Doe by Doe*, 509 U.S. 312, 320–21 (1993).  Accordingly, courts should apply the rational basis test to a challenged law where there is no suspect class targeted or a fundamental right implicated.  The rational basis test assumes the constitutionality of the statute that is challenged by a defendant. *See United States v. Fogarty*, 692 F.2d 542, 547 (8th Cir. 1982).

Defendant Davis argues that because the Ninth Circuit found that DOJ was enjoined from spending funds from the relevant appropriations acts to prosecute a group of defendants in two other states with medical marijuana laws, his case should be dismissed as an equal protection violation.  The government counters that this case presents no violation of defendant Davis's constitutional rights.  Further, the United States argues that his effort to dismiss Count Two should be understood as a claim of selective prosecution, which he cannot establish.

The instant matter is dissimilar to *McIntosh* in several respects and defendant Davis overstates the holding of the Ninth Circuit's ruling.  833 F.3d at 1179.  *McIntosh* involved the consolidation of three federal interlocutory appeals of California and Washington defendants.

3

Those cases concerned conspiracies to manufacture marijuana plants, among other offenses. No defendant raised an equal protection claim against the CSA. The crux of the *McIntosh* defendants' argument was that the government was barred from spending funds from an omnibus appropriations bill to prosecute anyone who could prove compliance with state medical marijuana laws. *Id.* at 1177. The funding bill was authorized through September 30, 2015. It states:

> None of the funds made available in this Act to the Department of Justice may be used, with respect to the States of Alabama, Alaska, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, Oregon, Rhode Island, South Carolina, Tennessee, Utah, Vermont, Washington, and Wisconsin, to prevent such States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana.

Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113–235, § 538, 128 Stat. 2130, 2217 (2014). Thereafter, on December 18, 2015, Congress enacted other appropriations legislation through fiscal year September 30, 2016 with a similar rider. *See* Consolidated Appropriations Act, 2016, Pub. L. No. 114-113, § 542, 129 Stat. 2242, 2332-33 (2015)(changing the language of the act to include "prevent such States from implementing their own State laws" to "prevent any of them from implementing their own laws").

In evaluating the act, the Ninth Circuit concluded that,

> [A]t a minimum, § 542 prohibits DOJ from spending funds from the relevant appropriations acts for the prosecution of individuals who engaged in conduct permitted by the State Medical Marijuana Laws and who fully complied with such laws.

The *McIntosh* Court further concluded:

> DOJ does not prevent the implementation of rules authorizing conduct when it prosecutes individuals who engage in conduct unauthorized under state medical marijuana laws. Individuals who do not strictly comply with all state-law conditions regarding the use, distribution, possession, and cultivation of medical marijuana have engaged in conduct that is unauthorized, and prosecuting such individuals does not violate § 542.

4

*Id.* at 1178.

The Ninth Circuit remanded the cases for evidentiary hearings consistent with its ruling. Notably, the Court did not craft a remedy for a violation of § 542 and warned that "§ 542 does <u>not</u> provide immunity from prosecution for federal marijuana offenses." (emphasis added). *Id.* at 1179 n.5. *See also* the Supremacy Clause of the U.S. Constitution, noting that states cannot permit what federal law prohibits. U.S. Const. art. VI, cl. 2. Finally, the Ninth Circuit noted that such a restriction by Congress on DOJ was subject to change in the future because "Congress could appropriate funds for such prosecutions tomorrow." *McIntosh*, 833 F.3d at 1179.

In this case, defendant Davis does not argue that Missouri has similar medical marijuana laws to those in California or Washington, and that he was in compliance with any such state law. And the undersigned is not aware of medical marijuana laws in Missouri that would be helpful to his claim. As such, defendant Davis's prosecution is permissible under the rule in *McIntosh* and the restrictions on the government as to § 542 do not apply to his case. Still, he argues that because any class of defendants can avoid prosecution for similar conduct, his equal protection guarantee is violated. This claim lacks merit.

The CSA and the appropriations acts are neutral laws. This Court has noted that the CSA does not treat states or its citizens differently. *See United States v. Brecker*, 2015 WL 156355, at *3-4 (E. D. Mo. April 8, 2015)(adopting report and recommendation and rejecting Tenth Amendment challenge and claim that marijuana prosecution violated equal protection clause based on an objection to marijuana as a Schedule I drug). Defendant Davis has not shown that he was targeted arbitrarily or that these laws discriminate against him because he is a member of a suspect class. Thus, the CSA and § 542 have a rational basis that furthers a legitimate governmental end. *See also United States v. White*, 2016 WL 4473803, at *3 (W.D. Mo. Aug.

5

23, 2016)(rejecting argument that internal DOJ memoranda outlining priorities for marijuana prosecutions created a two-tier system of justice that violated the equal protection guarantee). Therefore, defendant Davis has not made a prima facie case that his equal protection guarantee was violated on the grounds that—due to the location of the offense—he was impermissibly targeted for prosecution.

### III. Selective Prosecution

Additionally, defendant Davis resists the government's position that his claim should be characterized as selective prosecution because he is challenging Congress's actions and not the actions of federal prosecutors' failure to prosecute a certain group or to target a particular class. *See* (Def. Reply, Doc. No. 33, at p. 3). Despite his objection, the Supreme Court has recognized the link between the constitutional constraints on a prosecutor's discretion and claims of equal protection and Davis cannot meet the "demanding" standard of proof to make such a showing. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996).

> Of course, a prosecutor's discretion is "subject to constitutional constraints." *United States v. Batchelder*, 442 U.S. 114, 125, 99 S.Ct. 2198, 2204–2205, 60 L.Ed.2d 755 (1979). One of these constraints, imposed by the equal protection component of the Due Process Clause of the Fifth Amendment, *Bolling v. Sharpe*, 347 U.S. 497, 500, 74 S.Ct. 693, 694–695, 98 L.Ed. 884 (1954), is that the decision whether to prosecute may not be based on "an unjustifiable standard such as race, religion, or other arbitrary classification," *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962). A defendant may demonstrate that the administration of a criminal law is "directed so exclusively against a particular class of persons ... with a mind so unequal and oppressive" that the system of prosecution amounts to "a practical denial" of equal protection of the law. *Yick Wo v. Hopkins*, 118 U.S. 356, 373, 6 S.Ct. 1064, 1073, 30 L.Ed. 220 (1886).
>
> In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present "clear evidence to the contrary." *Chemical Foundation*, *supra*, at 14–15, 47 S.Ct., at 6. We explained in *Wayte* why courts are "properly hesitant to examine the decision whether to prosecute." 470 U.S., at 608, 105 S.Ct., at 1531. Judicial deference to the decisions of these executive officers rests in part on an assessment of the relative competence of prosecutors and courts. "Such factors as the strength of the case, the prosecution's general deterrence value, the Government's

enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." *Id.*, at 607, 105 S.Ct., at 1530. It also stems from a concern not to unnecessarily impair the performance of a core executive constitutional function. "Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy." *Ibid.*

*Armstrong*, 517 U.S. at 464-65.

Additionally, "[t]o establish a prima facie case, a defendant must demonstrate: 1) that he has been singled out for prosecution while others similarly situated have not been prosecuted for similar conduct and 2) that the government's action in thus singling him out was based on an impermissible motive such as race, religion, or the exercise of constitutional rights. *United States v. Parham*, 16 F.3d 844, 846 (8th Cir. 1994). Further, this Court is not in the position to appropriately analyze the "strength of the [Government's] case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan." *Wayte v. United States*, 470 U.S. 598, 607-08 (1985). Defendant Davis does not attempt to meet this demanding standard, nor does it appear that he could do so on these facts. Count Two as charged is well within the rational exercise of the Executive's broad discretion to enforce federal criminal laws. Therefore, when viewed as a claim of prosecutorial discretion in line with *Armstrong*, *supra*, the claim by defendant Davis lacks merit on this basis and his motion to dismiss should be denied.

**IV.** *Pro Se* **Motions**

Defendant has filed several *pro se* pleadings that are styled as affidavits of fact and truths. Defendant should file any motions through his counsel. "There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel." *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994). "A district court has no obligation to entertain pro se motions

7

filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001); *see also Agofsky*, 20 F.3d at 872 (a court commits "no error" in refusing to rule on pro se motions filed by represented party); *United States v. Frook*, No. 4:05-CR-677 CAS, 2008 WL 5110596, at *4 (E.D. Mo. Dec. 3, 2008) (denying *pro se* motion filed by represented defendant); *United States v. Turner*, No. 4:09CR0032 RWS/TCM, 2009 WL 2175976, at *1 (E.D. Mo. July 21, 2009) (holding the same). Therefore, to the extent that his affidavits are motions, they should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Nicholas W. Davis's Motion to Dismiss Count Two of the Indictment (Doc. No. 27) **be DENIED.**

**IT IS FURTHER RECOMMENDED** that Defendant's *pro se* Motions to Dismiss Indictment (Doc. Nos. Nos. 23, 26, 28, 29, 30) **be DENIED as moot.**

**IT IS HEREBY ORDERED** that this cause is set for trial before United States District Judge Catherine D. Perry on **Monday, July 17, 2017, at 8:30 a.m.**

The parties are advised that they have fourteen (14) days to file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to timely file objections may result in the waiver of the right to appeal questions of fact. *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Noelle C. Collins
United States Magistrate Judge

Dated this 24th day of May, 2017.